IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01332-REB-KLM

DOETTA J. LIVINGSTON,
DEBORAH RANDALL,
ALBERT R. ESPINOZA,
JADE N. HERNANDEZ,
SANDRA G. SAUNDERS, and
M. CYNTHIA SANCHEZ,

    Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
LISA ANN MAYA, and
JEFFREY R. CANTRELL,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion for Leave to Amend Complaint to Include a Claim for Punitive Damages Against Defendant American Family Insurance** [Docket No. 15; Filed July 29, 2008] (the "Motion"). The Court has reviewed the Motion, Defendant American Family Mutual Insurance Company's Response [Docket No. 26; Filed August 18, 2008], Plaintiff's Reply [Docket No. 30; Filed September 2, 2008], the entire case file and applicable case law and is sufficiently advised in the premises.

**I.    Background**

Plaintiffs were insured against automobile accidents by Defendant American Family

1

Mutual Insurance Company ("Defendant"), were subsequently involved in automobile accidents, and filed claims with Defendant for injuries received as a result of the accidents. *Complaint* [#1] at 3-5. Plaintiffs' Complaint alleges, *inter alia*, claims for breach of contract, willful and wanton statutory bad faith, breach of the implied covenant of good faith and fair dealing, fraudulent concealment and misrepresentation. *Id.* at 7-16.

Plaintiffs request leave to amend their Complaint to include a claim for punitive damages against Defendant. *Motion* [#15] at 1. As grounds, Plaintiffs state that their Complaint was originally filed in Colorado state court, and that pursuant to Colo. Rev. Stat. § 13-21-102, the inclusion of a claim for punitive damages is prohibited in the initial pleading, and only allowed after the plaintiff establishes *prima facie* proof of a triable issue of exemplary damages. *Motion* [#15] at 2. Plaintiffs argue that "there exists a clear basis for seeking punitive damages in this matter, even at this stage of the pleadings, although discovery in this case may yet reveal additional supportive facts." *Motion* [#15] at 3. Plaintiffs propose to add the terms "and for punitive damages" to the end of paragraph two in their Prayer for Relief [Docket No. 1-2 at p. 16-17]. Paragraph two refers to damages against American Family only, excluding the other named Defendants.

Defendant argues that the Motion should be denied, as "plaintiffs have not come forward with facts surrounding the individual plaintiffs and thus have not presented sufficient evidence to establish *prima facie* proof of a triable issue as to punitive damages." *Response* [#26] at 12-13.

**II.     Discussion**

Fed.R.Civ.P. 15(a) provides for liberal amendment of pleadings. Leave to amend is discretionary with the court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Viernow v.*

*Euripides Devel. Corp.*, 157 F.3d 785, 799 (10th Cir. 1998). Amendment under the rule has been freely granted. *Castleglenn, Inc. v. Resolution Trust Company*, 984 F.2d 1571 (10th Cir. 1993) (internal citations omitted). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Colo. Rev. Stat. § 13-21-102(1.5)(a) contemplates that the discovery process will provide the requisite *prima facie* evidence to support a claim for punitive damages. *See Stamp v. Vail Corp.*, 172 P.3d 437, 449 (Colo. 2007). The Court finds that Plaintiffs have submitted *prima facie* proof of a triable issue of exemplary damages through the materials attached to the Motion to Amend and the Reply in Support of the Motion to Amend, including an email from November 2000 stating American Family acknowledged it violated relevant state law [#30-2]; a 2001 Market Conduct Examination finding American Family to be non-compliant with relevant state law [#30-4]; and expert deposition testimony stating American Family was in violation of relevant state law [#30-5]. These materials create a triable issue as to whether Defendant violated the Implied Covenant of Good Faith and Fair dealing which would give rise to a claim for punitive damages. *See, e.g., Espinoza v. American Family Mut. Ins. Co.*, 2008 WL 4059851, at *2 (D.Colo. Aug. 29, 2008). The Court emphasizes that this Order does not evaluate or address the merits of awarding punitive damages in this case, but is limited to the recognition that the issue of punitive damages may be properly included in the pleadings at this point.

Accordingly, as set forth above, IT IS HEREBY **ORDERED** that **Plaintiff's Motion for Leave to Amend Complaint to Include a Claim for Punitive Damages Against Defendant American Family Insurance** [Docket No. 15; Filed July 29, 2008] is **GRANTED**. Paragraph 2 of the Prayer for Relief contained in the Complaint [#1 at p. 16] is deemed amended to state the following: An award of statutory damages under C.R.S. § 10-4-708 including, but not limited to, treble damages due for American Family's willful and wanton conduct, and for punitive damages . . . .

IT IS FURTHER **ORDERED** that the amendment is deemed denied by Defendant.

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: September 9, 2008